

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-88,579-02

### EX PARTE JOEL MAGAÑA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2009CRN000331D1 IN THE 49TH DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of murder and sentenced to seventy-five years imprisonment and two counts of robbery and sentenced to ten years' imprisonment in each count. The Fourth Court of Appeals reversed his conviction in one of the robbery counts and reformed the judgment to delete his conviction and punishment in that count. The intermediate court affirmed the judgment as reformed. *Magaña v. State*, No. 04-10-00120-CR (Tex. App.—San Antonio August 10, 2011) (not designated for publication).

Applicant contends, among other things, that counsel erred by failing to file a petition for

discretionary review on Applicant's behalf. Applicant alleges that counsel assured Applicant that counsel would file the petition for discretionary review which caused Applicant to believe in good faith that a timely appeal would be filed. According to Applicant, counsel did not file a petition of discretionary review causing Applicant to lose the ability to file a petition for discretionary review himself or hire additional counsel to do so.

On September 12, 2018, this Court remanded this matter to the trial court to obtain affidavits and findings addressing Applicant's allegation. On December 4, 2018, this Court received the supplemental record after remand. That record contains copies of bench warrants and findings of fact and conclusions of law from the trial court. According to the trial court's findings of fact, a live habeas hearing was conducted on October 1, 2018, at which the trial court heard testimony and arguments. The supplemental habeas record does not contain a transcript of the habeas hearing as required by this Court's original remand order. Without a copy of the hearing transcript, the trial court's findings of fact and conclusions of law are not supported by the record.

This application will be held in abeyance until the trial court has supplemented the habeas record with the necessary documents. A supplemental transcript containing all affidavits and the transcription of the court reporter's notes from the habeas hearing shall be forwarded to this Court within 30 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 19, 2018
Do not publish